### WULFART v. WEINSTEIN et al.

(Supreme Court, Appellate Term. December 23, 1904.)

1. TRIAL—AMOUNT OF RECOVERY—DISREGARD OF EVIDENCE.

Where plaintiff sued for $767.96, and on the trial admitted a counterclaim to the extent of $611.18, leaving a balance due of $156.78, a verdict for $335.25 was not justified by the evidence, and could not be sustained.

Appeal from City Court of New York, Trial Term.

Action by Betty Wulfart against Jacob Weinstein and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

McBurney & McBurney (W. F. Severance, of counsel), for appellants.

Rosalsky & Rosalsky, for respondent.

GILDERSLEEVE, J. The plaintiff claims that her assignor sold $30,196.98 worth of goods for defendants, upon which it was agreed that he was to receive a 5 per cent. commission, which he claims would amount to $1,509.35; that he has been paid on account of said sum $741.39, leaving a balance of $767.96. The said assignor, however, admitted on the trial that defendants' counterclaim to the extent of $611.18 was correct, and should be offset against said sum of $767.96. Under these circumstances, all that plaintiff could recover was the sum of $156.78. The jury, however, gave a verdict for $335.25.

It appears, therefore, that the jury must have been under a wrong impression as to the evidence, or to have disregarded it. The verdict is not justified by the evidence.

A large number of exceptions to the rulings on questions of evidence are presented, but we do not think it necessary to discuss them, as the verdict cannot stand for the reason above stated.

The judgment is reversed and a new trial granted, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs. MacLEAN, J., concurs in result.